UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES P. QUEEN JR., | Case No.: 2:11-cv-00279-RLH-CWH |
| Plaintiff, | **ORDER** |
| vs. | (Motion to File Third Party Defendant–#15; |
| HARD ROCK HOTEL AND CASINO, | Motion to Appeal–#37; |
| Defendant. | Motion for Summary Judgment–#38) |

Before the Court is Plaintiff James P. Queen Jr.'s **Motion to File Third Party Defendant** (#15, filed June 22, 2011) based on Rule 14(b) of the Federal Rules of Civil Procedure, and **Motion for Appeal Decision on Motion to Compel** (#37, filed Oct. 27), as well as Defendant Hard Rock Hotel's **Motion for Summary Judgment** (#38, filed Oct. 31). The Court has also considered the oppositions and replies to these motions.

BACKGROUND

This is an employment discrimination case. Queen, a former maintenance engineer at the Hard Rock Hotel, alleges that Hard Rock Hotel and some of his co-workers at the Hard Rock Hotel discriminated against him on the basis of his disability. On October 4, 2010, Queen sued the Hard Rock Hotel for harassment, discrimination, and failure to accommodate under the

1

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and for violations of the Consolidated Omnibus Reconciliation Act ("COBRA") and NRS §§ 689B.248 and 689B.283. Queen now seeks to bring a third party into the case–Morgans Hotel Group–pursuant to Rule 14(b). Queen is also appealing a ruling by the Honorable Carl W. Hoffman on Hard Rock Hotel's motion to compel. Hard Rock Hotel has now filed a motion for summary judgment on Queen's claims. For the reasons discussed below, the Court denies Queen's motions and grants the Hard Rock Hotel's motion.

## DISCUSSION

### I.  Queen's Motion to File Third Party Defendant (#15)

Queen seeks to bring third party Morgans Hotel Group into this case because it allegedly played a major management role in the day-to-day operation of the Hard Rock Hotel. Rule 14(b) provides that "[w]hen a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so." Queen argues that because the Hard Rock Hotel requested an award of attorney's fees and costs in its answer (#4) it asserted a "claim" against Queen. A request for attorney's fees, however, is not a cause of action, and therefore, not a "claim" under Rule 14(b). For Rule 14(b) to apply, the Hard Rock Hotel would have to assert a counterclaim against Queen, and it has not done so. Wright & Miller, Federal Practice and Procedure: Civil 3d §1464. Therefore, the Court denies Queen's motion to file third party defendant.

### II.  Queen's Appeal of Judge Hoffman's Order (#37)

Before the Court is an Order (#33) entered by the Honorable Carl W. Hoffman regarding the Hard Rock Hotel's Motion to Compel Discovery Responses (#28).

Queen filed Objections to (or an Appeal of) Magistrate Judge Hoffman's Order (#33) in accordance with Local Rule IB 3-1 of the Rules of Practice of the United States District Court for the District of Nevada. Hard Rock Hotel has filed a Response to the Objections (#40), and this matter was referred for consideration.

2

AO 72
(Rev. 8/82)

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. §636(b)(1)(A), (B), and (C) and Local Rules IB 3-1 and 3-2 and determines that the Order of Magistrate Judge Hoffman is not clearly erroneous or contrary to law and should be affirmed.

### III. Hard Rock Hotel's Motion for Summary Judgment (#38)

#### A. Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not

1 | have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
2 | *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the
3 | moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
4 | "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
5 | The nonmoving party "may not rely on denials in the pleadings but must produce specific
6 | evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
7 | *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
8 | show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285
9 | F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of
10 | evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.  Analysis**

**1.  ADA Failure to Accommodate**

The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability," 42 U.S.C. § 12112(a), by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . ." *Id.* at § 12112(b)(5)(A). However, where multiple accommodations exist, the employer is not required to give the employee the accommodation of her choice. *Connolly v. Entex Info. Servs.*, 27 Fed. Appx. 876, 878 (9th Cir. 2001). Furthermore, a reasonable delay in providing an accommodation is not a violation of the ADA. *Kintz v. UPS*, 766 F. Supp. 2d 1245, 1256–57 (M.D. Ala., Feb. 7, 2011).

On January 19, 2008, Queen slipped and fell on some stairs while working at the Hard Rock Hotel. (#1, Petition for Removal, Ex. 1, Complaint Ex. 1). He sustained injuries to his back, hip, groin, and ankle as a result of the fall. (*Id.*). Over the course of the next 10 months, Queen's condition fluctuated between totally temporarily disabled and capable of working with certain restrictions. (#38, Motion for Summary Judgment, Queen Depo. Ex. F). Then, on October 27, Dr. Aubrey Swartz examined Queen and determined that he was capable of performing his job

without restrictions. (*Id.* at Ex. H). Nora Garcia, a Hearing Officer with the Nevada Department of Administration, affirmed Dr. Swartz's medical determination in a workers' compensation appeal filed by Queen. (*Id.* at Ex. 1, Moon Decl., Ex M). Queen requested to return to work with a cane, but the Hard Rock Hotel refused because it was concerned that Queen would injure himself or others while performing certain job duties. (*Id.* at Ex. 1, Moon Decl., ¶ 18). In March 2009, after the Hard Rock Hotel received a document from Dr. Denise Starley indicating that Queen needed a cane to perform certain job functions, the Hard Rock Hotel allowed Queen to return to work in a light-duty position at the security podium on the casino floor at the Hard Rock Hotel. (*Id.* at ¶ 21).

Queen alleges that the Hard Rock Hotel failed to make reasonable accommodations to Queen's condition by not allowing him to return with a cane to his position as a maintenance engineer. (#1, Petition for Removal, Ex. 1, Complaint, ¶¶ 19a–21). However, Hard Rock Hotel's evidence demonstrates that Queen did not need a cane to perform his job. Specifically, the Hard Rock Hotel provides a medical examination report from Dr. Swartz which indicates that Queen could return to work with no restrictions. (#38, Motion for Summary Judgment, Queen Depo., Ex. H). Hard Rock Hotel was, therefore, within its rights to require Queen to return to work in October 2008, when Swartz' examination was done, without the use of a cane. When the Hard Rock Hotel received Dr. Starley's report in March 2009 indicating that Queen needed a cane to perform his job functions the Hard Rock Hotel was then required to accommodate Queen under the ADA. It did so by providing Queen with a job at the security podium on the casino floor. (*Id.* at Ex. 1, Moon Decl., ¶ 21). The 10-week delay in finding Queen a position is not actionable discrimination. *Kintz v. UPS*, 766 F. Supp. 2d 1245, 1256–57 (M.D. Ala., Feb. 7, 2011).

While working at the security podium Queen remained on the maintenance engineering payroll, earning more than $10 more per hour than other employees in the security department. (#38, Motion for Summary Judgment, Ex. 1, Moon Decl., ¶ 22). Although this

5

security position may not have been Queen's first choice for an accommodation, it was reasonable in light of the fact that Hard Rock Hotel was concerned for Queen's safety, and the safety of others, were Queen to perform the job functions of a maintenance engineer while using a cane. (*Id.* at ¶ 18). No reasonable trier of fact could determine from the evidence presented that the Hard Rock Hotel failed to reasonably accommodate Queen. Therefore, the Court grants the Hard Rock Hotel's motion with respect to Queen's failure to accommodate claim.

### 2. ADA Hostile Work Environment

A claim for hostile work environment under the ADA requires a plaintiff to show (1) she is a qualified individual with a disability, (2) who was subject to unwelcome harassment, (3) because of her disability, (4) which harassment affected the terms, conditions, or privileges of her employment, and (5) the employer knew or should have known of the harassment, but took no action to prevent it. *Granich v. Planet Hollywood Resort & Casino, Inc.*, No. 2:10-cv-00912-PMP-PAL, 2010 U.S. Dist. LEXIS 97956, *11 (D. Nev., Aug. 26, 2010). To be actionable, the harassing conduct must be subjectively hostile and abusive to the disabled employee and objectively hostile and abusive to a reasonable person. *Americans With Disabilities Act: Employee Rights and Employer Obligations*, 1-5 ADA: Employee Rights § 5.07(3)(c). An employer is not liable for the harassment constituting the alleged hostile work environment if (a) the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) the employee unreasonably failed to take advantage of preventative or corrective opportunities provided by the employer, or to avoid harm otherwise. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 745, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

Queen identifies the following as the conduct that created the hostile work environment at the Hard Rock Hotel: (1) someone wrote the word "fag" on a piece of equipment in the sign shop where Queen worked, (2) someone attached a handicapped placard to his locker, (3) someone called him a "crip" on one occasion, (4) someone made comments to him about his getting money from his workers compensation case, (5) he was written up for accessing adult

images on his computer, (6) he was given points for absenteeism, and (7) his supervisors in security asked him to do things he claims he was not qualified to do.

The Court finds that the actionable harassing conduct alleged by Queen was when someone placed the handicapped placard to his locker and when he was called a "crip" on one occasion. The rest of the alleged conduct is excessively vague and wholly unsupported by evidence, not hostile or abusive to a reasonable person, isolated and infrequent, or not demonstrated to be connected in any way to Queen's disability. As to the handicapped placard on Queen's locker, the Hard Rock Hotel's evidence demonstrates that it took reasonable steps under the circumstances to correct the harassment. *De Grace v. Rumsfeld*, 614 F.2d 796, 805 (1st Cir. 1980). Specifically, Casie Moon, Assistant Director of Human Resources for the Hard Rock Hotel, states, in her declaration, that when she discovered the placard she ordered that it be removed. (#38, Motion for Summary Judgment, Queen Depo., ¶8). Queen confirmed that it was removed in his deposition. (*Id.*, at Queen Depo., 135:18–136:6). As to someone calling Queen a crip, the Hard Rock Hotel argues that it is entitled to an affirmative defense for that alleged incident because it exercised reasonable care by having a well-publicized anti-harassment procedure and Queen did not use this procedure to correct the alleged conduct. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807. Queen provides no evidence to the contrary. Therefore, Queen's hostile work environment claim fails as a matter of law.

### 3. Disability Discrimination

A claim for disability discrimination requires a plaintiff to show that she is a qualified individual with a disability who suffered an adverse employment action because of her disability. *Sanders v. Arneson Prods.*, 91 F.3d 1351, 1353 (1996). Queen's disability discrimination claim fails as a matter of law because he did not suffer an adverse employment action. To the contrary, Hard Rock Hotel's evidence shows that Queen voluntarily quit his job with the security department. (#38, Motion for Summary Judgment, Ex. 1, Moon Decl., Ex. P). Queen cannot maintain a claim for constructive discharge because "the standard for demonstrating

AO 72
(Rev. 8/82)

a constructive discharge is greater than that for demonstrating a hostile work environment," *Urrizaga v. Memeo*, No. 3:05-cv-00199-LRH-VPC, 2007 U.S. Dist. LEXIS 4521, *15–16 (D. Nev., Jan. 19, 2007), and as discussed above, Queen has no claim for hostile work environment. Hard Rock Hotel provided Queen with a reasonable accommodation by assigning Queen to a position with the security department where he could use his cain, and he continued on the maintenance engineering payroll. Queen provides no evidence supporting a claim for disability discrimination. Therefore, the Court grants the Hard Rock Hotel's motion with respect to Queen's ADA claims.

### 4.     COBRA and NRS Claims

Queen's NRS claims fail as a matter of law because the statutes he cites in support of his claims (NRS §§ 689B.248, 6898B.283) do not apply to the Hard Rock Hotel because the Hard Rock Hotel employs more than 20 employees. But even if these statutes did apply to the Hard Rock Hotel, Queen has provided no evidentiary support for these claims. Therefore, the Court grants the Hard Rock Hotel's motion with respect to Queen's NRS claims.

Queen's COBRA claim also fails as a matter of law because Queen was not a plan participant at the time he voluntarily resigned his employment in 2009. Specifically, in December 2008, the Hard Rock Hotel conducted open enrollment for the following year's benefits programs. (#38, Motion for Summary Judgment, Ex. 1, Moon Decl., ¶13). Hard Rock Hotel sent a letter to Queen who, at the time, was on a leave of absence, informing him that he had until January 16, 2009, to enroll for the following year's benefits programs. (*Id.* at Ex. 1, Moon Decl., Ex. I). Because Queen did not elect benefits by January 16 he was no longer a plan participant. (*Id.* at Ex. 1, Moon Decl., Ex. J). Thus, Queen's voluntary resignation from the Hard Rock Hotel in June 2009 did not cause him to lose coverage; his coverage was lost in January 2009 when he failed to elect benefits. Queen's claim that the notice sent out from the Hard Rock Hotel was inadequate fails because the notice clearly warns Queen that reenrollment in the plan was mandatory and that he needed to elect benefits by January 16 to avoid a cancellation of his benefits package. (*Id.* at

1  Ex. 1, Moon Decl., Ex. I). Therefore, the Hard Rock Hotel's evidence demonstrates that Queen's
2  COBRA claim fails as a matter of law, and Queen provides no evidence to the contrary.
3  Accordingly, the Court grants the Hard Rock Hotel's motion with respect to this claim.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Queen's Motion to File Third Party Defendant (#15) is DENIED.

IT IS FURTHER ORDERED that Queen's Motion to Appeal Decision (#37) is DENIED.

IT IS FURTHER ORDERED that the Hard Rock Hotel's Motion for Summary Judgment (#38) is GRANTED.

The Court instructs the Clerk of Court to close the case.

Dated: December 21, 2011

ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)